# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BILLIE R. HALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:12CV983 SNLJ/SPM |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent, | ) |

## REPORT AND RECOMMENDATIONS
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

## Background

Petitioner was charged with several sex offenses against four different female victims, all of whom were between the ages of 10 and 12 at the time of the charged offenses. State v. Hale, 285 S.W.3d 393, 393 (Mo. Ct. App. 2009). Petitioner was charged with six counts of statutory sodomy in the first degree, three counts of child molestation in the first degree, and two counts of statutory rape in the first degree for his interactions with K.C. (one count of first degree

statutory sodomy and one count of first degree child molestation), K.B. (one count of first degree statutory rape and two counts of first degree statutory sodomy), K.H. (two counts of first degree child molestation), and A.R. (one count of first degree statutory rape, and three counts of first degree statutory sodomy). Id.; Resp't Ex. B at 41-43 (Am. Information). The charged offenses took place between the years 1998 and 2004. Hale, 285 S.W.3d at 393.

A trial was held in March 2008 and all four victims testified as to their age at the time of the alleged sex offense, the time frames in which the sex offenses occurred, and the type and frequency of touching that occurred. Id. The jury found Petitioner guilty on all eleven counts, and the court sentenced him to what resulted in the following consecutive sentences: twenty years, life, ten years, and life. Id. Petitioner's motion for a new trial was overruled. Id.

On direct appeal, Petitioner argued that the state failed to present sufficient evidence to support a conviction on counts III, VI, VII, VIII, IX, X, XI; that the trial court erred in failing to declare a mistrial during closing arguments when the prosecutor told the jury they could convict if they made a finding that was allegedly not supported by the evidence; and that the charges were improperly joined and the trial court erred in failing to sever them. Id.

The Missouri Court of Appeals for the Eastern District granted relief on one of Petitioner's claims: that there was insufficient evidence to support Petitioner's

conviction on Count VII of the Information because the evidence showed that Petitioner touched K.H. over her clothes and Mo. Rev. Stat. § 566.010(1) did not define "sexual contact" as touching through clothing. Hale, 285 S.W.3d at 394-95. The appellate court denied relief on all of Petitioner's remaining claims without discussion. Id. at 395. The court reversed the judgment of the trial court regarding Count VII and affirmed on all other counts. Id. As a result, the ten year sentence was vacated. Id.

Petitioner filed a timely motion for postconviction relief under Missouri Court Rule 29.15. Resp't Ex. F at 18-21 (Pro Se Mot.). The motion court appointed counsel, and counsel filed an amended motion. Id. at 23-24, 34-58 (Appointment Order; Amended Mot.). The motion court denied relief after holding an evidentiary hearing. Id. at 76-83 (Mot. Court's Findings of Fact, Conclusions of Law, and J.).

Petitioner raised two claims on appeal: that trial counsel had an actual conflict with him and that trial counsel was ineffective for failing to object to the state's post-trial sentencing recommendation or the court's sentence. Resp't Ex. J at 3 (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b)).

The Missouri Court of Appeals affirmed the motion court's decision in a summary order, supplemented by a memorandum sent only to the parties setting

3

forth the reasons for its decision. Id. at 1-12. The appellate court found that Petitioner had failed to introduce any evidence showing that any conflict he had with his trial counsel affected her investigation of the case or performance at trial. Id. at 5-7. And the court found that counsel had objected to the state's post-trial sentencing recommendation and that counsel was not ineffective for failing to object to a lawful sentence. Id. at 9-11.

Petitioner is incarcerated at Missouri's Southeast Correctional Center ("SCCC"). He submitted the instant petition for writ of habeas corpus on June 13, 2012, which is the date he placed it in the prison mail system. Ian Wallace is the Warden at SCCC and is the proper respondent in this action. The petition contains nine grounds for relief.

### Grounds for Relief

1. The trial court erred in overruling Petitioner's motion for judgment of acquittal as to Count VII because there was insufficient evidence to support the verdict.

2. The trial court erred in overruling Petitioner's motion for judgment of acquittal as to Count VI because there was insufficient evidence to support the verdict.

3. The trial court erred in overruling Petitioner's motion for judgment of acquittal as to Count VIII because there was insufficient evidence to support the verdict.

4. The trial court erred in overruling Petitioner's motion for judgment of acquittal as to Counts IX, X, and XI because there was insufficient evidence to support the verdicts.

5. The trial court erred in not *sua sponte* declaring a mistrial after the prosecutor told the jury in closing argument that it could find Petitioner guilty on Count I because the evidence was insufficient to support the verdict.

6. The trial court erred in overruling Petitioner's motion for judgment of acquittal as to Count III because there was insufficient evidence to support the verdict.

7. The trial court erred in overruling Petitioner's motion to sever because the jury was likely to consider the cumulative evidence against him when assessing each Count.

8. Petitioner was denied his right to conflict-free counsel because he had a financial conflict with counsel and counsel filed a motion to withdraw based on a "complete communication breakdown."

9. Trial counsel was ineffective for failing to object to the state's post-trial sentencing recommendation and for failing to object to the court's sentence because the punishment was excessive.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## Discussion

1. Ground One

In ground one of the petition, Petitioner argues that the trial court erred in overruling his motion for judgment of acquittal as to Count VII because there was insufficient evidence to support the verdict.

This ground is moot. The Missouri Court of Appeals reversed the conviction on Count VII after finding that there was insufficient evidence to support the verdict. Hale, 285 S.W.3d at 394-95.

2. Ground Two

In ground two of the petition, Petitioner argues that the trial court erred in overruling his motion for judgment of acquittal as to Count VI because there was insufficient evidence to support the verdict. Specifically, Petitioner argues that although K.H. testified that Petitioner had touched her vagina with his finger, the state failed to establish that the touching occurred during the time period stated in the Amended Information. Respondent contends that the victim's testimony provided sufficient evidence to support the verdict.

In reviewing a claim of insufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In applying this standard, the scope of review is extremely limited. The Court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and the Court must defer to that resolution. Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003).

Count VI of the Amended Information charged Petitioner with first degree child molestation for subjecting K.H. to sexual contact between January 31, 2001, and December 31, 2001. Resp't Ex. B at 42 (Am. Information). At trial, K.H. testified that when she was eleven years old Petitioner touched her vagina on more

than one occasion when she was at his house visiting A.R., who was his stepdaughter. Resp't Ex. A at 454, 466-71 (Trial Tr.). She further testified that she stopped seeing A.R. and Petitioner in late December 2001 and that the touching had occurred during the summer of 2001. Id. at 484.

K.H.'s testimony is clearly sufficient evidence to support a conviction for first degree child molestation. K.H. was less than fourteen years old at the time and Petitioner subjected her to sexual contact. As a result, Petitioner is not entitled to relief on ground two of the petition.

3. Ground Three

In ground three of the petition, Petitioner argues that the trial court erred in overruling his motion for judgment of acquittal as to Count VIII because there was insufficient evidence to support the verdict. Specifically, Petitioner argues that there was insufficient evidence to support his conviction for first degree statutory rape because the evidence did not show that he had penetrated A.R.'s sex organ with his own between January 31, 2001, and December 31, 2001. Respondent maintains that the victim's testimony was sufficient to support the verdict.

On direct examination, A.R. testified that Petitioner put his penis at the opening of her vagina and that it had hurt. Resp't Ex. A at 372-73. She further testified that the last time it had happened to her was in the summer of 2001, when she was thirteen years old. Id. at 373.

8

The state presented sufficient evidence to show that Petitioner had sexual intercourse with a person less than fourteen years old. "'Sexual intercourse' means any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results." Mo. Rev. Stat. § 566.010(4) (2000). A reasonable juror could have inferred from the fact that A.R. felt pain that a slight penetration had occurred. As a result, Petitioner is not entitled to relief on ground three of the petition.

4. Ground Four

In ground four of the petition, Petitioner argues that the trial court erred in overruling his motion for judgment of acquittal as to Counts IX, X, and XI because there was insufficient evidence to support the verdicts. Specifically, Petitioner argues that the state did not show that he committed statutory sodomy by putting his mouth on A.R.'s vagina, putting his penis in her hand, and putting his penis in her mouth between January 31, 2001, and December 31, 2001. Respondent maintains that the victim's testimony was sufficient to support the verdicts.

At trial, A.R. testified that Petitioner had put his mouth on her vagina, put his penis in her hand, and that he put his penis in her mouth, and she further testified that he abused her like this during every year that he was married to her mother, which included the year 2001. Resp't Ex. A at 366-69.

9

This is sufficient evidence to show that Petitioner had "deviate sexual intercourse" with A.R., who was less than fourteen years old, during the relevant time period. "Deviate sexual intercourse" is "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person." Mo. Rev. Stat. § 566.010(1) (2000 supplement, second regular session of the 90th general assembly).[1] As a result, Petitioner is not entitled to relief on ground four of the petition.

5. Ground Five

In ground five of the petition, Petitioner argues that the trial court erred in not *sua sponte* declaring a mistrial after the prosecutor told the jury in closing argument that it could find him guilty on Count I, first degree statutory sodomy, because the evidence was insufficient to support the verdict. Specifically, Petitioner argues that there was insufficient evidence to show that he had deviate sexual intercourse with K.C. because the prosecution failed to show that his hand penetrated her vagina when they were in his vehicle. Respondent contends that the prosecutor's statement of the law was correct.

---

[1] Section 566.010(1) was amended in 2000 to include the word "hand" before the word "mouth." L. 2000, S.B. Nos. 757 & 602, § A; Mo. House J., 2000 Reg. Sess. Nos. 72 & 73. During the time of the relevant conduct, January 31, 2001, through December 31, 2001, genital-to-hand contact was included in the definition of "deviate sexual intercourse."

"Improper remarks by the prosecutor can violate the Fourteenth Amendment if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." Barnett v. Roper, 541 F.3d 804, 812 (8th Cir. 2008) (citation and quotation omitted). Habeas relief should not be granted unless the prosecutor's remarks were "so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." Id. at 813 (citation and quotation omitted). "Relief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement." Id. (citation omitted).

At trial, K.C. testified that Petitioner touched her vagina while they were in his truck and that it hurt. Resp't Ex. A at 266-68. K.C. further testified that he "put his finger in and out of" her vagina while they were watching a movie at the trailer. Id. at 271. During closing argument, the prosecutor stated:

> Now [K.C.] has to be eleven – less than twelve years old for this to have been the crime we are talking about. She told you she stopped going there when she was eleven. He has to have put his finger in her vagina. She told you he touch [*sic*] her in the truck with his left hand under her clothes. If you don't think it went in her vagina, because this definition requires that, then remember she told you he touched her on the sofa as well, when she was watching the movie Jaws. She was watching the movie Jaws. He had a blanket over her clothes, and he put his finger in her vagina. It hurt. She was clear that he did that.

Resp't Ex. A at 844.

11

The prosecutor's closing statement was neither inflammatory nor outrageous. The prosecutor simply listed the elements she had to prove and listed the facts adduced that proved those elements. Moreover, K.C.'s testimony was sufficient that any rational trier of fact could have found that his finger penetrated her vaginal in the truck, because it hurt, or that his finger penetrated her vagina while they were watching Jaws in the trailer, because he "put his finger in and out" and it hurt. As a result, Petitioner is not entitled to relief on ground five of the petition.

6. Ground Six

In ground six, of the petition, Petitioner argues that the trial court erred in overruling his motion for judgment of acquittal as to Count III, statutory rape, because there was insufficient evidence to support the verdict. Specifically, Petitioner argues that the only evidence to support this charge was a prior inconsistent out-of-court statement made by K.B. to authorities. Respondent maintains that the victim's testimony was sufficient to support the verdict.

At trial, K.B. testified that Petitioner "forced [her] to have sex with him" and that she could "feel his penis going into [her vagina]." Resp't Ex. A at 514-16. This is sufficient evidence for a rational trial of fact to have found that Petitioner's penis penetrated her vagina. As a result, Petitioner is not entitled to relief on ground six of the petition.

### 7. Ground Seven

In ground seven of the petition, Petitioner argues that the trial court erred in overruling Petitioner's motion to sever because the jury was likely to consider the cumulative evidence against him when assessing each Count. Respondent contends that the evidence was not complex and the counts were not so numerous as to be confusing.

To warrant habeas relief, Petitioner must show that the failure to grant severance rendered the trial "fundamentally unfair." See Wharton-El v. Nix, 38 F.3d 372, 374 (8th Cir. 1994). The Amended Information contained eleven counts of sex abuse pertaining to four victims. Resp't Ex. B at 41-43. Each count concerned only one type of sexual misconduct with one victim. Id. So at trial, each victim only had to testify how old she was and where Petitioner had touched her. The trial court instructed the jury as follows: "The defendant is charged with a separate offense in each of the eleven counts submitted to you. Each count must be considered separately." Resp't Ex. B at 84 (Jury Instructions). The prosecutor began her closing argument by reminding the jury to consider each count separately, and she went through each count, explaining the elements she had to prove and the facts that proved each element. Resp't Ex. A at 837-53.

The trial court's decision not to sever the counts was not contrary to or an unreasonable application of clearly established federal law. The number of victims

and the number of counts were not so numerous or confusing as to render the trial fundamentally unfair. As a result, Petitioner is not entitled to relief on ground seven of the petition.

   8.   Ground Eight

In ground eight of the petition, Petitioner argues that he was denied his right to conflict-free counsel because he had a financial conflict with counsel and counsel filed a motion to withdraw based on a "complete communication breakdown." Respondent argues that despite Petitioner's failure to pay counsel her full fee, counsel prepared for trial and represented him competently.

The motion court held an evidentiary hearing at which both Petitioner and trial counsel testified. Resp't Ex. G (Evidentiary Hr'g Tr.). Counsel testified that Petitioner had paid her the fee she charges for taking a case up to a change of plea hearing but that she charges an additional $20,000 for trying a case, which Petitioner did not pay. Id. at 10. Petitioner claimed that he had paid her about $13,500, and he acknowledged that he did not pay her full fee. Id. at 37, 54. Petitioner testified that as a result of not being paid counsel failed to interview witnesses. Id. at 40. However, he testified at the same time that she deposed those same witnesses. Id. Counsel testified that she paid for depositions out of her own pocket and enlisted help from the public defender's office to cut costs. Id. at 9, 20-22. She further testified that her performance was not affected and she was

prepared for trial. Id. at 14. Petitioner said that he was "comfortable" with counsel before trial and that he wanted her to try the case. Id. at 54. He further testified that he understood he was "rolling the dice" by going to trial rather than taking a plea deal. Id. at 55. And he claimed that he was unhappy with the sentence he received. Id. at 54. The motion court denied the motion, finding that there was no evidence that counsel had been ineffective or that there was a "complete breakdown in communication." Resp't Ex. F at 80 (Legal File, Mot. Ct.'s Findings of Fact and Conclusions of Law).

The Missouri Court of Appeals affirmed the lower court. Resp't Ex. J. The appellate court stated, "To prevail on a claim of ineffective assistance of counsel based on counsel's conflict of interest, a movant must show that an actual conflict of interest adversely affected his lawyer's performance." Id. at 5. The court found that the evidence adduced at the evidentiary hearing

> fails to show an actual conflict of interest such that "something must have been done by counsel, or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." Helmig [v. State], 42 S.W.3d [658, 680 (Mo. App. E.D. 2001)]. Although Movant claims that trial counsel did not interview several people, he testified that she in fact deposed them. Movant claims that trial counsel failed to elicit all exculpatory evidence and did not advocate zealously for him, but presented no evidence to prove these statements. Quite the contrary, we find that the evidence presented at the evidentiary hearing supports the argument that trial counsel did everything she could to zealously represent her client, despite receiving less than the expected payment from him.

Id. at 7.

"A claim for ineffective assistance of counsel arising from a conflict of interest does not require proof of the prejudice component of the Strickland test. Rather, the petitioner can establish a Sixth Amendment violation if he can demonstrate that 'an actual conflict of interest adversely affected his lawyer's performance.'" Johnson v. Norris, 207 F.3d 515, 519 (8th Cir. 2000) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). To make this showing, "the petitioner must prove both that his attorney acted under an actual conflict of interest, as opposed to just a potential one . . . and that the conflict of interest actually affected the adequacy of the representation." Id. (citations omitted).

Petitioner failed to show that counsel had an actual conflict rather than a potential one or that the alleged conflict affected her performance. Counsel testified that it was not uncommon for her to receive less payment than she requested from clients. And she claimed that she prepared for trial and that her performance was unaffected. Petitioner's testimony at the evidentiary hearing showed that he was content with counsel up until he was sentenced. Petitioner's dissatisfaction with his sentence does not demonstrate counsel's ineffectiveness. Petitioner's sentencing exposure was severe, but he claims that it was his decision to proceed to trial rather than taking the proffered plea deal of ten years' imprisonment. The appellate court's decision was not unreasonable or contrary to

clearly established federal law. As a result, Petitioner is not entitled to relief on ground eight of the petition.

    9.     Ground Nine

In ground nine of the petition, Petitioner argues that trial counsel was ineffective for failing to object to the state's post-trial sentencing recommendation and for failing to object to the court's sentence because the punishment was excessive. Petitioner further argues that the sentence reflects that he was punished excessively for exercising his right to a jury trial. Respondent argues that the state court's denial of relief on this ground was reasonable and consistent with federal law.

In evaluating this claim, the Missouri Court of Appeals applied the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Resp't Ex. J at 8-9. The appellate court found that Petitioner had objected to the state's post-trial sentencing recommendation, and it further found that counsel was not ineffective for failing to object to the court's sentence because the sentence was not excessive and any objection to it would have been frivolous. Id. at 9-11. The sentence was, in fact, within the statutory range, and it was in the trial court's discretion to determine whether sentences should run concurrently or consecutively. Id. at 11. Finally, the appellate court found that Petitioner had presented no evidence showing that the trial court punished him for exercising his right to a jury trial,

saying "the record is clear that the trial court sought to sentence [Petitioner] with a punishment that suited his crimes against four individual victims who will suffer for the rest of their lives because of [Petitioner's] crimes." Id.

The Supreme Court discussed proportionality in non-capital sentencing in Solem v. Helm, 463 U.S. 277 (1983). In Solem, the Court indicated a need for substantial judicial deference to the legislature's broad authority to impose criminal penalties. Id. at 290. Consideration of the sentence imposed must include analysis of "the gravity of the offense and the harshness of the penalty." Id. at 290-91. The Missouri legislature has elected to punish individual acts that are part of one episode or incident of crime, including sex crimes, separately. The decision to punish each culpable activity includes the possibility of lengthy sentences for each such act.[2] "The state is well within its rights, so far as the federal Constitution is concerned, in regarding the crimes of rape and forcible sodomy as deserving of special and severe condemnation" in the form of separate sentences for chronologically concurrent criminal acts. Pinson v. Morris, 830 F.2d 896, 897 (8th Cir.1987). Any decision to the contrary could create a perverse incentive for defendants to commit multiple criminal acts at once. Because the sentence

---

[2] Missouri courts have held that when a sentence imposed is within the range allowed by statute, "it cannot be judged excessive, and the consecutive effect of the sentences does not constitute cruel and unusual punishment." Missouri v. Mubarak, 163 S.W.3d 624, 631 (Mo. Ct. App. 2005). Each sentence imposed was allowable under the relevant Missouri statutes.

18

Petitioner received was well within the statutory range, it was not excessive. Petitioner's claim for relief, therefore, is based on a false premise.

The record shows that counsel did object to the prosecutor's post-trial sentencing recommendation and that she asked for a sentence in the ten to fifteen year range. Resp't Ex. A at 914-15. Counsel cannot have been ineffective for failing to object to the trial court's sentence, because the sentence was within the statutory range of punishment. There is no evidence that the trial court increased Petitioner's sentence to punish him for exercising his right to a jury trial. The state court's ruling on this issue was not contrary to or an unreasonable application of clearly established federal law. As a result, Petitioner is not entitled to relief on ground nine of the petition.

**Conclusion**

For these reasons, the Court recommends that habeas relief be denied. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court further recommends that no certificate of appealability be issued. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation. Fail to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this <u>19th</u> day of August, 2013.

<u>  /s/ Shirley Padmore Mensah</u>
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE